# NO. 12-24-00088-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK TYRONE WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Patrick Tyrone Williams appeals his conviction for continuous sexual assault of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with one count of continuous sexual assault of a child, B.H., and four counts of possession of child pornography. Appellant pleaded "not guilty" to all counts but waived his right to a jury trial. Therefore, this matter proceeded to a bench trial.

At trial, B.H.'s mother, J.Y., testified that she was married to Appellant from 2012 to 2020. In 2018, she was employed in the home health field; while she was at work, Appellant supervised B.H. and her siblings. In July of 2018, J.Y. accessed Appellant's cell phone to look at photos from a family vacation and found photographs of Appellant and B.H., then ten years old, "in a sexual manner." She recognized both individuals by their clothing, including

Appellant's distinctive work clothes. J.Y. immediately left the house with her children and went to stay with her father in Houston. She first contacted Houston law enforcement, but learned she needed to speak to law enforcement in Nacogdoches County, which she did immediately upon returning from Houston. J.Y. subsequently accompanied B.H. to Harold's House for an interview and examination, and assisted law enforcement in collecting evidence (including hers and B.H.'s DNA samples and the clothing depicted in the photographs).

B.H., sixteen years old at the time of trial, testified that Appellant began sexually assaulting her at home when she was seven or eight years old. She could not remember how many times this happened but described one instance in her parents' bedroom, wherein Appellant was unclothed and instructed B.H. to remove her clothing. She stated explicitly that he "put his penis inside [her] vagina," which made her feel scared; she knew the assault was over when Appellant instructed her to "clean up." On other occasions, Appellant made her watch pornography and perform oral sex on him. B.H. stated that during one assault, which happened when she was ten years old, she took photographs because she believed that her mother would see them.

Annie Henderson, the executive director of Harold's House and a former forensic interviewer at the same location, administered a forensic interview to B.H. on July 20, 2018. B.H. disclosed that Appellant sexually assaulted her on two different occasions. The first instance occurred the previous year, between Thanksgiving and Christmas. B.H. stated that Appellant grabbed her by the arm, pulled her into J.Y.'s bedroom, and put his hands around her neck, which made it difficult to breathe. Appellant used one hand at a time to hold B.H.'s neck while using the other hand to remove her clothing, removed his own clothes, and then engaged in penetrative intercourse with B.H. She described the event as feeling "horrible" and causing her pain. The second instance occurred shortly after the family returned from a vacation, and again occurred in J.Y's bedroom.

Lisa King, a sexual assault nurse examiner (SANE) formerly employed by Harold's House, testified that she physically examined B.H. on or about July 20, 2018. B.H. cooperated with the exam but held a teddy bear tightly during the process. B.H. stated to King that her stepfather, Patrick, sexually assaulted her approximately fifteen times, but possibly more, since school ended. He regularly put his hand on her neck to keep her still as he penetrated her using both his fingers and his sexual organ, until "white stuff" shot onto her belly. B.H. explained that

Appellant threatened to beat her up if she told anyone, and that the assaults caused her pain when urinating. King observed a healed complete transection of B.H.'s hymen in an area that would be "very common[ly]" injured as a result of abuse like B.H. described.

Rachel Padelford, then an officer of the Nacogdoches Police Department, stated that on July 21, 2018, she assisted in collecting evidence from B.H.'s residence pursuant to a report of sexual assault. In particular, she recalled collecting a shirt and pair of underwear from the scene, which she logged into evidence at the police department. Jamie Shelton, supervisor of property and evidence for the Nacogdoches Police Department, testified briefly that she examined the items taken from B.H.'s residence for potential DNA evidence, of which a pair of shorts and a pair of underwear fluoresced under a black light. These items were subsequently provided to the Texas Department of Public Safety to undergo DNA analysis. Shelton further stated that she collected a buccal DNA swab from Appellant. Richard Hopper, a forensic scientist employed by the Texas Department of Public Safety, testified that "apparent blood was detected" on underwear belonging to B.H., and "semen was indicated but not confirmed" on the same item. Andrea Kiser, also a forensic scientist employed by the Texas Department of Public Safety, testified that her comparison of the semen found on B.H.'s underwear to a DNA sample obtained from Appellant revealed an extremely high likelihood that the semen belonged to Appellant.

After the close of evidence and argument of counsel, the trial court found Appellant "guilty" as charged of continuous sexual assault of a child and sentenced him to life imprisonment. The court found Appellant "not guilty" of the four counts of possession of child pornography. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of

3

the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we **grant** Appellant's counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **Schulman***, 252 S.W.3d at 408 n.22.

**BRIAN HOYLE**
Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00088-CR**

**PATRICK TYRONE WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F2327505)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*